UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLA I. SHUPER, </br></br>    Plaintiff, </br></br>v. </br></br>REBECCA CHANDLER, et al., </br></br>    Defendants. | Case No. 2:13-cv-110-GZS |

### ORDER ON MOTION TO DISMISS

Before the Court is Defendant Bill Kuhl's Motion To Dismiss (ECF No. 17) ("Motion To Dismiss"). For the reasons stated herein, the Court GRANTS Kuhl's Motion To Dismiss (ECF No.17).

### I.  LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering the merits of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the non-movant's favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). While "detailed factual allegations" are not necessary, Twombly, 550 U.S. at 555, the complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 570) (internal quotations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."

Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

In reviewing the Amended Complaint, because Plaintiff Alla Shuper is pro se, her complaint is subject "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, in light of Plaintiff's pro se status, the Court may examine her Amended Complaint in light of supplemental submissions to understand the nature and basis of the claim asserted. See Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). However, the less stringent standard for pro se filings "does not make [Plaintiff's] claim[] against the named defendants a moving target; the four corners of the complaint still dictate the cause of action[] and the identification of the defendants." Kilroy v. Maine, 09-324-B-W, 2010 WL 145294 at *2 (D. Me. Jan. 8, 2010) report & recommendation adopted, 09-324-B-W, 2010 WL 672881 (D. Me. Feb. 22, 2010).

## II.     BACKGROUND

On March 28, 2013, pro se Plaintiff Shuper filed a complaint against four individuals, Rebecca Chandler, Peter Lewis, Bill Kuhl and John Desjardins, alleging retaliation that occurred in the fall of 2011. (Compl. (ECF No. 1) at 1-5.) Plaintiff alleges that each of the four individuals was a manager of a housing complex in which she or her mother resided. Specifically, Plaintiff alleges that Defendant Chandler was the former Assistant Property Manager, Defendant Lewis was a Vice-President of the Federal Management Company, Inc., that managed the housing complex, Defendant Kuhl was the Asset Manager of the housing complex and Defendant Desjardins was the Senior Property Manager of the housing complex. (Am. Compl. (ECF No. 4) at 1-7.)

Plaintiff states that in September 2011, she was at the housing complex where her mother resided. She claims that while attempting to advocate for her mother, Defendant Chandler called the police under false pretenses, which resulted in a notice of trespass being issued to Plaintiff. Through the Amended Complaint and additional submissions, Plaintiff alleges several other incidents involving Defendant Chandler in the fall of 2011.

Plaintiff asserts that in the summer of 2012, she filed a retaliation complaint with the Maine Human Rights Commission ("MHRC") against Defendant Chandler. Plaintiff states that at a meeting on February 25, 2013, the MHRC found no evidence of retaliation by Defendant Chandler. After the conclusion of the MHRC meeting, Plaintiff was in need of medical care and was taken to a hospital in Augusta, Maine. The next day, February 26, 2013, upon driving home from the hospital, Plaintiff began to not feel well and was taken to Mid Coast Hospital in Brunswick, Maine. Plaintiff alleges that her "health [c]ondition became much worse during exercising of Ms. Chandler's and mentioned above people['s] cruelness/rudeness." (Am. Compl. at 12.)

## III.   DISCUSSION

Defendant Kuhl has moved to dismiss the action against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). Drawing all reasonable inferences in Plaintiff's favor and viewing the Amended Complaint under the less stringent standard for pro se filings, the Court finds that Plaintiff's Amended Complaint and additional submissions fail to state a claim for relief against Defendant Kuhl.

Regardless of the statutory scheme under which Plaintiff's claim for retaliation arises, the Court finds that there are no facts connecting Defendant Kuhl to any alleged retaliation in this case. Rather, Plaintiff indicates that Defendant Kuhl was the Asset Manager for the housing

complex where the alleged retaliation occurred. In her Response to the Motion To Dismiss, Plaintiff claims that in his role as Asset Manager, Defendant Kuhl was aware of the retaliation and was "supportive/silent in regards to this [r]etaliation." (Resp. To Mot. To Dismiss (ECF No. 18) at 9.) This generalized statement of mere awareness by the Asset Manager contained only in Plaintiff's Response is not sufficient to give rise to liability. Moreover, in Plaintiff's numerous submissions in support of her Complaint, Amended Complaint and Response, nowhere is there any mention of the Asset Manager of the housing complex or Defendant Kuhl. Further, Plaintiff's general statement that her conditioned worsened because of the Defendants' "cruelness/rudeness" does not give rise to liability for retaliation.

Lastly, in her Amended Complaint, Plaintiff alleges that in 2010 she filed a pro se housing discrimination case in Cumberland Superior Court that was removed to this Court. (Am. Compl. (ECF No. 4) at 7.) See also Shuper v. Federal Management Company, Inc., et al., 2:10-cv-205-GZS, Notice of Removal (ECF No. 1). The case was settled in 2011. Plaintiff asserts that Defendant Bill Kuhl was not named as a defendant in the prior case because Plaintiff was "stressed out and [] mentally disable[d]." (Resp. To Mot. To Dismiss at 6.) That Plaintiff did not name Defendant Kuhl in a prior, settled case, does not give rise to liability for retaliation in the present action.

In short, the Court finds that there are no facts that connect Defendant Kuhl to Plaintiff's cause of action for retaliation. Even under the more lenient standard for pro se filings, Plaintiff has failed to state a claim for relief against Defendant Kuhl. See Wall, 257 F. Supp. 2d at 318. Therefore, Defendant Kuhl's Motion To Dismiss is GRANTED.

## V.     CONCLUSION

For the reasons explained herein, Defendant Kuhl's Motion To Dismiss (ECF No. 17) is GRANTED.

SO ORDERED.

                                              /s/ George Z. Singal
                                              United States District Judge

Dated this 21st day of June, 2013.