UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLA I. SHUPER, )<br>)<br>　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>REBECCA CHANDLER, et al., )<br>)<br>　　　Defendants. )<br>)<br>) | Case No. 2:13-cv-110-GZS |

**ORDER ON FIFTH AND SIXTH APPEALS**

Before the Court are the Fifth and Sixth Appeals filed by pro se Plaintiff Alla Shuper (ECF Nos. 53 & 54). The Court has reviewed the briefing and documents filed in conjunction with those appeals as well as the June 26, 2013 Order (ECF No. 44) entered by Magistrate Judge Kravchuk. Additionally, at the request of pro se Plaintiff Shuper and without objection from Defendants Rebecca Chandler, Peter Lewis and John Desjardins ("Defendants"), the Court reviewed the transcript of the settlement conference.

The Court notes that pro se Plaintiff Shuper and Defendants achieved settlement of this case on June 25, 2013. (See Notice of Settlement and Procedural Order Re: Settlement (ECF No. 41).) Pursuant to the Court's June 25, 2013 Procedural Order, the involved parties have ninety (90) days from June 25, 2013 to complete settlement thereby providing a deadline of September 23, 2013 for the filing of a stipulation of dismissal. (See id.)

Given these future deadlines and in the absence of having reviewed the parties' actual settlement agreement, it is not clear what relief pro se Plaintiff Shuper seeks from this Court via her Fifth and Sixth Appeals (ECF Nos. 53 & 54). However, to the extent these appeals can be

2

construed as seeking enforcement of the settlement agreement, the Court, having conducted a de novo review of the entire available record, DENIES both Appeals (ECF Nos. 53 & 54).

At this point, it appears that both sides are still working to finalize and effectuate the settlement previously reached.  If the settlement is not complete within ninety days, the parties are free to file a joint motion to extend the time to complete settlement.  To the extent a dispute exists at the end of the ninety day period, any party is free to file a motion to enforce the settlement agreement.  However, at this juncture and on the record presented, the Court finds no basis for ordering any party to take specific action in order to complete and effectuate the settlement reached on June 25, 2013.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 8th day of July, 2013.