## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ALLA I. SHUPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:13-cv-110-GZS |
| REBECCA CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### ORDER ON PENDING MOTIONS & WARNING TO PLAINTIFF

    Before the Court are: Plaintiff's Fifth Motion to Clarify (ECF No. 115), Plaintiff's Sixth Motion to Clarify (ECF No. 116) and Plaintiff's Second Motion to Amend Complaint (ECF No. 117). To the extent the Court retains jurisdiction to decide these motions, the Court hereby DENIES all of these Motions, which are patently frivolous given the Court's prior orders and procedural context of this case.

    A review of pro se Plaintiff Shuper's recent electronic filings indicates that she has once again resorted to the filing of frivolous papers with this Court. On July 9, 2013, this Court warned Plaintiff Shuper that further groundless and frivolous filings could result in the imposition of sanctions, including forfeiture of electronic filing access or requiring Court approval for any future filings. (See ECF No. 57.) On July 29 & 30, 2013, Plaintiff then filed notices of appeal (ECF No. 79 & 86). On July 29, 2013, the Court issued Ms. Shuper a second Cok warning (ECF No. 81). See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file). Since that time, the Court has repeatedly entered orders reserving ruling on various motions filed and indicating that it would await final disposition of the appeal before taking any further action in this case (ECF Nos. 104, 108 & 111). Most recently, the Court also explicitly instructed Plaintiff not to file on this Court's docket items that she had already filed with the Court of Appeals. (See ECF No. 111.)

Plaintiff Shuper has ignored this Court's warnings and instructions.[1] On October 25, 2013, Ms. Shuper attempted to file by e-mail to the Court's electronic filing in-box a variety of "supplemental records" with no motion of any kind. The Court instructed the Clerk not to docket these items. Since that time, Plaintiff Shuper has sent six emails to the electronic filing in-box attaching in excess of 100 pages of motions and attachments. Excluding duplicative documents, all of the items received have been docketed (ECF Nos. 115-118). Ms. Shuper has also called the Clerk's Office repeatedly since October 25, 2013 indicating that she will continue to make similar filings on the docket.

Having reviewed all of Plaintiff's recent activity, the Court readily finds that Ms. Shuper has become an abusive litigant. Since June 25, 2013, Ms. Shuper has deliberately and repeatedly failed to follow the rules and instructions of this Court and, as a result, has wasted the Court's time and resources. The Court hereby ORDERS as follows:

(1) Plaintiff's Shuper's electronic filing privileges are SUSPENDED. No future filings sent to this Court via e-mail will be docketed. Plaintiff Shuper shall make any and all future filings in this case via mail or in-person delivery to the Clerk's Office. Plaintiff will continue to receive notice of electronic filings and orders (NEFs) in this case and service to Plaintiff Shuper shall continue to be made in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

(2) Absent leave of the Court, Plaintiff Shuper shall file no further motions or attachments in this case until this Court receives a mandate on her pending appeals.[2]

**Plaintiff Shuper is hereby WARNED that any e-mail or filing sent to the Court in violation of this Order may result in the Court finding Plaintiff Shuper in contempt of court. Such a contempt finding could include criminal penalties.**

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 28th day of October, 2013.

---

[1] The Court notes that the Clerk has also corresponded directly with Plaintiff Shuper regarding her improper e-mail communications. See 10/23/2013 Ltr. from Clerk to Shuper (on file with D. Me. Clerk's Office).

[2] This restriction shall not prevent Plaintiff from filing an additional paper notice of appeal within the time allowed by the Federal Rule of Appellate Procedure.